UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 20, 2021

LETTER TO COUNSEL

  RE: *Michael L. v. Saul*
     Civil No. DLB-19-460

Dear Counsel:

  Mr. Melanson has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before this Court. ECF 21. In response, the Commissioner asked the Court to consider whether Mr. Melanson's requested fee is reasonable. ECF 22. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Melanson's motion for attorney's fees is GRANTED.

  On March 4, 2020, this Court awarded Mr. Melanson $3,094.66 for 15 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 20; *see* ECF 18-7. Plaintiff subsequently received a favorable decision, which resulted in an award of past-due benefits in the amount of $31,135.00. ECF 21-1. Mr. Melanson filed a line, in which he seeks attorney's fees in the amount of $7,783.75, or 25 percent of plaintiff's past-due benefits. ECF 21. Mr. Melanson also indicated that the entire amount this Court awarded him pursuant to the EAJA was garnished and that, consequently, no reimbursement for any part of that amount is warranted. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

  An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

  The Court may only award attorneys' fees under 42 U.S.C. § 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as

*Michael L. v. Saul*
Civil No. DLB-19-460
July 20, 2021
Page 2

one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level." *Id.* Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Melanson and plaintiff entered into a contingent fee agreement by which plaintiff agreed to pay him 25 percent of all retroactive benefits to which he might become entitled. ECF 18-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted an itemized report documenting 15 chargeable hours he worked on plaintiff's case in this Court. ECF 18-7. If Mr. Melanson receives the full amount of fees he requests, his fee for representation will effectively be $518.92 per hour. Mr. Melanson must therefore show that an effective rate of $518.92 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson's typical hourly billing rate is $300.00. ECF 18-6 ¶ 6. This is at the top of the presumptively reasonable hourly rates commensurate with Mr. Melanson's experience pursuant to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with an hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with an hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Melanson. *See Makeita H. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1643 (D. Md. Aug. 2, 2019); *Craig C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2782 (D. Md. May 10, 2019); *Dewain S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-0716 (D. Md. Jan. 11, 2019). This case is no exception. In taking the case on a contingency fee, Mr. Melanson agreed to the possibility of no fees, and his client agreed to pay him 25 percent of all retroactive benefits to which he might become entitled. Further, Mr. Melanson represented plaintiff in his administrative hearing after the Court's remand in this case. ECF 21-1 at 5. While this Court may not award Mr. Melanson fees under 42 U.S.C. § 406(b) for his representation of plaintiff at the administrative level, the Court can consider that representation as part of its reasonableness analysis. *Mudd*, 418 F.3d at 428. In this case, Mr. Melanson's effective advocacy in federal court ultimately resulted in a favorable decision for plaintiff, whose back benefits were significant. Even though the effective hourly rate is more than Mr. Melanson's

---

[1] Although they do not govern Social Security cases, guidelines regarding hourly rates are published in the District of Maryland's Local Rules. These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases. *See* Loc. R. App'x B; *see, e.g.*, *Arvie W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (using the guidelines to assess the reasonability of fees requested by a Social Security claimant's counsel). Currently, Mr. Melanson has between five and eight years of experience. ECF 18-6 ¶ 5. The range of presumptively reasonable hourly rates for attorneys admitted to the bar for five to eight years is between $165.00 and $300.00. Loc. R. App'x B(3)(b).

*Michael L. v. Saul*
Civil No. DLB-19-460
July 20, 2021
Page 3

typical hourly rate, the requested fee is reasonable in light of Mr. Melanson's direct role in plaintiff's successful claim and should be approved.

    For the reasons set forth herein, this Court GRANTS Mr. Melanson's motion seeking attorney's fees, ECF 21.  This Court will award Mr. Melanson attorney's fees totaling $7,783.75.  Because the entire amount this Court awarded Mr. Melanson pursuant to the EAJA was garnished, ECF 21-3, Mr. Melanson need not reimburse plaintiff any part of that amount.

    Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

                                     Sincerely yours,

                                     /s/

                                   Deborah L. Boardman
                                   United States District Judge